**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EMPLOYER REINSURANCE**
**CORPORATION,**

      **Plaintiff,**

vs.                 Case No.  8:03-cv-1650-T-26MSS

**LAURIER INDEMNITY COMPANY,**

      **Defendant.**
_____/

## ORDER

  **THIS CAUSE** comes on for consideration of Plaintiff's Renewed Motion to Compel Production of Documents from Non-Party Swiss Reinsurance America Corporation, or in the Alternative, Motion for Clarification (the "Renewed Motion to Compel") (Dkt. 63) and the responses in opposition thereto.

  In this case, Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 for the purpose of determining the rights and liabilities of the parties with respect to Plaintiff's policies of reinsurance issued to Defendant for settlement reached by Defendant and the plaintiff in the case of, <u>The Estate of Georgia Wheeler Lindsey by and through Gwendolyn L. Hall, Executor de son Tort v. Extendicare, Inc., Extendicare Health Services, Inc., and Extendicare Health Facilities, Inc. (as to Alpine Health and Rehabilitation Center)</u>, Sixth Circuit Case No. 01-003258CI, Pinellas County, Florida (the "Lindsey Claim").

  In bringing this motion, Plaintiff seeks relief similar to that requested in its original Motion to Compel Production of Documents from Non-Party Swiss Reinsurance America Corporation, or

in the Alternative, Motion for *In Camera* Inspection (Dkt. 40).  The Undersigned denied Plaintiff's original Motion to Compel (Dkt. 62) stating:

> As to Plaintiff's First Request for Production to Defendant, the Court finds that the requested documents regarding all communications between Swiss Reinsurance Corporation of American and/or Laurier and/or The Northern Group and/or Extendicare, relative to this case and/or the underlying Lindsey matter are privileged.  See Fed. R. Civ. P. 26(b)(3).  In this regard, the evidence establishes that the requested material is protected work product and/or attorney-client communication involving records created after the inception of this case that pertain to strategies regarding this lawsuit. (Dkt. 45, Ex. 1, Affidavit of Kathryn Christ, ¶ 16.)  Further, Plaintiff has provided the Court with no evidence to support a claim that the Court should find waiver of either privilege.

Plaintiff's Renewed Motion to Compel acknowledges the Court's previous order, but states that "[n]evertheless, Swiss Re has not produced certain documents that either pertain to communications created **before** the inception of this case and/or do not pertain to strategies regarding this lawsuit as follows: 1) portions of Swiss Re's claim file pertaining to the Lindsay claim that have not been redacted; and 2) spreadsheets prepared by Laurier concerning financial data with respect to the Lindsay claim that were not produced.  As such, certain of Swiss Re's alleged privileges in its Restates Privilege log should be overruled . . . ." (Dkt. 63 at 3)  In addition, Plaintiff contends that certain of the documents in question are not privileged because Swiss Re and Defendant lack sufficient "common interest."  Plaintiff cites to North River Ins. Co. v. Columbia Casualty Co., 1995 WL 5792 (S.D.N.Y 1995) as support for its claim.

In the alternative to compelling production, Plaintiff requests that the Court "proceed with an *in camera* inspection of the withheld and/or redacted documents to determine whether Swiss Re is entitled to withhold any of the documents based on any of the purported privileges . . . ." (Dkt. 63 at 10)

As a threshold matter, the Undersigned notes that Plaintiff makes unsubstantiated claims of collusion between Swiss Re and Defendant regarding the Lindsay Claim. In evaluating Plaintiff's Renewed Motion to Compel, the Undersigned will not consider any claims of collusion as Plaintiff has provided no evidence that such collusion has taken or is taking place.

Plaintiff's first viable argument therefore, is that the Court's Order of November 10, 2004, should not pertain to "un-redacted portions of the of documents contained within Swiss Re's claim file for the Lindsay claim (referenced as SRA 001-006) and the Loss Bordereaus (spreadsheets) that were not produced and contain references to the Lindsay claim" because "[t]hese documents were created in the ordinary and regular course of Swiss Re's business and not to prepare for litigation regarding this lawsuit, such that they are outside of the work-product doctrine." (Dkt. 63 at 7).

Plaintiff's argument that it is entitled to these communications/documents at issue because they were not prepared in anticipation of litigation, fails. As it was succinctly stated by non-party Swiss Re in its response to the Renewed Motion to Compel, [t]he privilege applies not only to documents created after litigation has begun but also to documents created in anticipation of litigation. Moreover . . . the work-product privilege encompasses factual materials that are contained in an otherwise privileged document." (Dkt. 66 at 6 (internal citations omitted)). In addition, Swiss Re is also correct that Plaintiff has not offered any evidence to contradict the Affidavit of Kathryn Christ that the privileges found by the Court apply. (Dkt. 66 at 7).

Plaintiff's second argument in support of its Renewed Motion to Compel is that e-mail exchanges sent to and from the Northern Group (on behalf of Defendant) to and from Swiss Re should not be protected by the work product privilege or the "common interest privilege." In

support of this argument, Plaintiff cites to North River Ins. Co. v. Columbia Casualty Co., 1995 WL 5792 (Jan. 5, 1995 S.D.N.Y.).

In North River, the court found that the mere fact that the parties had a reinsurer to ceding insurer relationship was insufficient to find that they "shared a common interest." North River, 1995 Westlaw at *5. This sentence, taken out of the factual context of the case, seems to offer Plaintiff legal support for its argument that it is entitled to communications between Swiss Re and Defendant. However, for the reasons cited in Swiss Re and Defendant's separate responses to Plaintiff's Renewed Motion to Compel, North River is factually unpersuasive in this case. In this case Swiss Re and Defendant share a common interest. If those interests actually rather than hypothetically diverge at some point, Plaintiff can renew its motion. However, Plaintiff has presented no new evidence that persuades the Undersigned to amend or alter its original order. The Undersigned's original order stands because as was found before, "Plaintiff has provided the Court with no evidence to support a claim that the Court should find waiver of either privilege."(Dkt. 62 at 3).

Accordingly, the Court **ORDERS** that the Renewed Motion to Compel (Dkt. 63) is **DENIED WITHOUT PREJUDICE**. The parties shall each bear their own costs and fees associated with the bringing and defending of the Renewed Motion to Compel. (Dkt. 63).

**DONE AND ORDERED** in Tampa, Florida on this 3rd day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record